UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IN RE WALTER E. JONES and
BARBARA J. JONES,

                                      Bankr. Case No.
                                      06-62262-6-sdg

                Debtors.

CFCU COMMUNITY CREDIT UNION,

                                      Dist. Ct. Civil Action
                Appellant,                6:07-CV-0027
                                      (LEK)

   -against-

WALTER E. JONES,
BARBARA J. JONES, *et al.*,

                Appellees.

**MEMORANDUM-DECISION AND ORDER**

      On January 8, 2007, Appellant CFCU Community Credit Union ("CFCU") filed with this Court a Notice of Appeal from an Order of the United States Bankruptcy Court for the Northern District of New York (Gerling, Chief B.J.) (the "Bankruptcy Court"), entered on December 1, 2006, directing Appellees Walter and Barbara Jones ("Debtors") to comply with the Bankruptcy Court's Administrative Order 05-03 and make adequate protection payments on their car loan to the Chapter 13 Trustee (the "Trustee") rather than directly to CFCU. CFCU appealed the decision. The Court has jurisdiction on appeal pursuant to 28 U.S.C. § 158(a). For the following reasons, the December 1, 2006 order of the Bankruptcy Court is affirmed.

**I.**    **Background**

      There is no dispute regarding the facts of the case, which the Court will only briefly

review. CFCU financed Debtors' purchase of a 2002 Isuzu Trooper; CFCU was granted a security interest in the Isuzu and was listed as a lienholder on the title. Debtors filed a bankruptcy petition pursuant to Chapter 13 with the Bankruptcy Court on September 19, 2006 and CFCU was listed as a secured creditor. Debtors also filed a Chapter 13 plan on September 19, 2006 that provided they would retain possession of the Isuzu, while, after plan confirmation, the Trustee would make periodic payments to CFCU to satisfy its secured claim. On October 24, 2006, CFCU moved for an order requiring Debtors to make the required adequate protection payments, and that such payments be made directly to it. Debtors agreed to make the payments, but to the Trustee and not CFCU. The Trustee asserted that the Bankruptcy Court's Administrative Order 05-03 (the "Administrative Order") required Debtors to make the payments to the Trustee. Chief Judge Gerling ruled for the Trustee and stated that though the Bankruptcy Code requires adequate protection payments be made directly to the creditor, the Administrative Order was enacted pursuant to the language appearing at the beginning of 11 U.S.C. § 1326(a)(1), which allows bankruptcy courts the authority to "order otherwise."

## II.     Standard of Review

In reviewing the rulings of a bankruptcy court, a district court applies the clearly erroneous standard to a bankruptcy court's conclusions of fact, and reviews *de novo* conclusions of law. Yarinsky v. Saratoga Springs Plastic Surgery, 310 B.R. 493, 498 (N.D.N.Y. 2004) (Hurd, D.J.) (citing to In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000)); In re Petition of Bd. of Dirs. of Hopewell Int'l Inst. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); FED. R. BANKR. P. 8013. Mixed questions of law and fact are reviewed *de novo*. Ernst & Young v. Bankr. Servs. (In re CBI Holding Co.), 311 B.R. 350, 360 (S.D.N.Y. 2004) (citing to In re

Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003); In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999)).

**III.     Discussion**

    **A.     Is the Appeal Before the Court Moot?**

CFCU notes that debtors are only required to make adequate protection payments mandated by 11 U.S.C. § 1326(a)(1)(C) until their Chapter 13 plan is confirmed. Appellant's Brief (Dkt. No. 4) at 1. CFCU explains that Debtors' Chapter 13 plan was confirmed on February 15, 2007, and, therefore, Debtors are no longer required to make payments, which makes this appeal moot. Id. However, CFCU argues that an exception to the mootness doctrine applies in this case because the issue presented is "capable of repetition, yet evading review." Id. CFCU asserts that this exception applies because: (1) the challenged action, the requirement that adequate payments be made to the Trustee, is of too short a duration to be fully litigated prior to the time when the requirement terminates on plan confirmation; and (2) there is a reasonable expectation that CFCU, as a lender with an extensive portfolio of purchase money car loans, will be subject to the same action again. Id. at 1-2. The Trustee does not challenge CFCU's appeal as moot. The Court agrees with CFCU that this appeal falls within an exception to the mootness doctrine and the Court has jurisdiction to hear it.

    **B.     Can the Bankruptcy Court Issue an Order Pursuant to the "Unless the Court Orders Otherwise" language in Section 1326 to Direct Adequate Protection Payments to the Trustee?**

Section 1326(a)(1) of the Bankruptcy Code states in relevant part:

> **Unless the court orders otherwise**, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount-

. . .

> (C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief . . .

11 U.S.C. § 1326(a)(1) (emphasis added). This provision means that, without intervention from a bankruptcy court, a creditor with an allowed claim secured by a purchase money security interest is entitled to adequate protection for the period of time between the filing of the case and the confirmation or dismissal of the case. See id.; Drive Fin. Servs. v. Brown (In re Brown), 348 B.R. 583, 587 (Bankr. N.D. Ga. 2006).

      The Bankruptcy Court issued the Administrative Order in order to clarify and simplify the manner in which section 1326 pre-confirmation adequate protection payments are made. The Administrative Order mandates, among other things, that: (1) debtors made adequate protection payments to the Trustee; and (2) that the Trustee disburse the payments to the secured creditor. See Administrative Order (Dkt. No. 4, Attach. 2) at 3-4. Courts have held that the "unless the court orders otherwise" language of section 1326(a)(1) allows a court to order a debtor to make pre-confirmation adequate protection payments to the Chapter 13 Trustee instead of to the secured creditor. Brown, 348 B.R. at 590; In re Beaver, 337 B.R. 281, 284 (Bankr. E.D.N.C. 2006). The Court agrees that the language in question precedes all of section 1326(a)(1), including subsection 1326(a)(1)(C), and the plain meaning of the statute allows a court to revise the requirement that the debtor make pre-confirmation payments directly to a secured creditor. Moreover, this interpretation is in keeping with the scheme created by other subsections of section 1326 that similarly contemplate courts altering other payments required under section

1326(a) and ordering debtors to make payments to the Trustee.  See 11 U.S.C. § 1326(a)(3) (court may, upon notice and a hearing, modify, increase, or reduce the payments required under section 1326(a)); 11 U.S.C. § 1326(a)(2) (Chapter 13 Trustee will not return to debtor any payments that are due and owing to creditors).  Accordingly, the Bankruptcy Court can order debtors to make their adequate protection payments to the Trustee and not directly to the creditor.

### C. Does the Bankruptcy Court Have Authority to Issue the Administrative Order?

CFCU additionally claims that a court can only modify the adequate protection payments on a case-by-case basis, and not through a standing order of general application.  The other courts that have examined this issue have not addressed whether a section 1326(a)(1) empowers a court to issue an administrative order that modifies section 1326(a)(1)(C) and requires all debtors to make the payments to the Trustee instead of the creditor.

CFCU argues that the "unless the court orders otherwise" language found in 11 U.S.C. § 1326(a)(1) does not provide bankruptcy courts with generalized authority to issue an across-the-board administrative order that requires debtors to make the adequate protection payments to the Trustee instead of the creditor.  Appellant's Brief (Dkt. No. 4, Attach. 1) at 6.  Instead, CFCU explains that the "unless the court orders otherwise" language is part of Chapter 13 of Title 11 and only applies to a case under that chapter, which can only be commenced upon the filing of a bankruptcy petition.  Id.  Therefore, CFCU argues that because the Administrative Order did not issue out of any Chapter 13 petition, the Bankruptcy Court did not have authority to issue an order regarding adequate protection payments based on the "unless the court orders otherwise" language.  Id.

However, the Bankruptcy Court does not need to make a specific determination to order debtors to make these payments to the Trustee; all bankruptcy courts have the authority to enact local rules governing practice and procedure and to issue orders necessary to carry out the provisions of the Bankruptcy Code. See FED. R. BANKR. P. 9029; 11 U.S.C. § 105. CFCU claims that the Administrative Order, as a standing order, has not been properly enacted as a local rule, and, therefore, cannot have force to regulate general bankruptcy practices. Appellant's Brief (Dkt. No. 4) at 9. CFCU also argues that the issuance of standing orders generally, instead of the adoption of a new or amended local rule is strongly disapproved. Id. (citing In re Dorner, 343 F.3d 910 (7th Cir. 2003); Ford Motor Credit Co. v. Randall Johnson (In re Standing Order), 272 B.R. 917 (Bankr. W.D. La. 2001)).

Yet, under Federal Rule of Bankruptcy 9029(b) ("Rule 9029(b)"), a judge is permitted "to regulate practice in any manner consistent with federal law, the Federal Rules of Bankruptcy Procedure, the Official Forms and local rules promulgated pursuant to Rule 9029(a)(1)." FED. R. BANKR. P. 9029(b). This rule was promulgated in order to give courts flexibility to regulate bankruptcy practice and fill in gaps when there is no controlling law. In re Binion, No. 05-69633, 2006 Bankr. LEXIS 2372, at *12 (Bankr. N.D. Ohio Sept. 15, 2006) (citing FED. R. BANKR. P. 9029 Advisory Committee's Note (1995)). The Advisory Committee's Note states that Rule 9029(b) recognizes and continues to authorize the courts' use of internal operating procedures, standing orders, and other internal directives to regulate bankruptcy practice. See id. Accordingly, pursuant to Rule 9029(b), the Bankruptcy Court may issue standing orders regulating practice without promulgating a separate local rule through the notice and comment procedure outlined in Federal Rule of Bankruptcy Procedure 9029(a) and Federal Rule of Civil

Procedure 83.

Additionally, the cases cited by CFCU, Dorner and In re Standing Order, do not necessarily stand for the proposition that standing orders in bankruptcy are generally disfavored. See Binion, 2006 Bankr. LEXIS 2372, at *11.  In Dorner, the United States Court of Appeals for the Seventh Circuit found that the standing order at issue contradicted two Federal Rules of Bankruptcy Procedure, and that it violated the Rules Enabling Act to use a nonpublic standing order to contradict properly promulgated rules.  Dorner, 343 F.3d at 913-14.  Similarly, the court in Standing Order found that the order at issue in that case improperly modified existing, substantive rights, and not that it was improper to alter bankruptcy practice through the issuance of a standing order.  See Standing Order, 272 B.R. at 922.  Therefore, the Bankruptcy Court has the authority to enact the Administrative Order pursuant to Rule 9029(b) without promulgating it as a local rule, as long as it is consistent with existing rules and does not alter substantive rights found in the Bankruptcy Code.

The Bankruptcy Court's authority to issue standing orders is not unlimited and must be consistent with federal law, rules, and existing local rules. FED. R. BANKR. P. 9029(b).  The Administrative Order is consistent with federal law: as explained above, section 1326(a)(1) allows bankruptcy courts to alter the practice established in section 1326(a)(1)(C) directing debtors to make adequate protection payments directly to creditors.  See discussion *supra* Section III.B.  The practices established by the Administrative Order ensure that adequate protection payments are made in a manner consistent with section 1326(a)(1)(C), while recognizing the practicalities of administering Chapter 13 cases.  The Administrative Order requires the Trustee to collect the payments and then pass them onto the creditor, which effectuates the congressional

intent behind the BAPCPA amendments to section 1326(a)(1)(C) - to protect creditors through ensuring they receive pre-confirmation adequate protection payments.  See Brown, 348 B.R. at 592.  Therefore, the Administrative Order does not alter any substantive right under the Bankruptcy Code.  However, the practice established by the Administrative Order allows for more efficient administration because, as payments are made to the Trustee, he can much more easily and reliably maintain the records of payments and determine the balance paid to the creditor.  See Harper Aff. (Dkt. No. 2, Attach. 9) at ¶ 6.

Moreover, the Administrative Order is in keeping with practices established, by both standing order and local rule, in connection with section 1326(a)(1)(C) payments by eighteen (18) other bankruptcy courts around the country.  See List of Bankruptcy Court Orders and Rules (Dkt. No. 8, Attach. 2); Brown, 348 B.R. at 592 n.6 (listing administrative and standing orders from bankruptcy courts in Florida, Illinois, California, Missouri, Texas, and Arkansas).  These orders come in response to the courts' and various commentators' recognition that requiring debtors to make payments directly to secured creditors will create administrative problems, including how such payments would be accounted for, whether creditors would be required to amend their claims to reflect payments received from debtors, and how debtors might dispute the amount of the claim when the trustee has no record of payments made to creditors.  Brown, 348 B.R. at 591 (quoting Judge William Houston Brown & Lawrence R. Ahern III, 2005 Bankruptcy Reform Legislation with Analysis 47 (2005)).

Therefore, the Court finds that the Administrative Order is in keeping with existing

federal law and rules, and does not alter any substantive rights found therein.[1]

### IV.  Conclusion

Accordingly, it is hereby

**ORDERED**, that the December 1, 2006 Order of the Bankruptcy Court (Gerling, Chief B.J.) is **AFFIRMED**; and it is further

**ORDERED**, that CFCU's appeal is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:       September 04, 2007
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] Having found that the Bankruptcy Court had the authority to issue the Administrative Order under Rule 9029(b), it is unnecessary at this time to address CFCU's arguments regarding whether 11 U.S.C. § 105(a) provides an alternate basis of authority.